# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>    378 N. Main Ave.<br>    Tucson, AZ 85702<br><br>    *Plaintiff*,<br><br>    *v*.<br><br>GINA RAIMONDO, United States Secretary of Commerce<br>    1401 Constitution Ave. NW<br>    Washington, DC 20230<br><br>JANET COIT, Assistant Administrator, NOAA Fisheries<br>    1315 East-West Highway<br>    Silver Spring, MD 20901<br><br>NATIONAL MARINE FISHERIES SERVICE<br>    1315 East-West Highway<br>    Silver Spring, MD 20901<br><br>    *Defendants*. | Case No. 23-809<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1.   The Center for Biological Diversity (Center), an environmental organization that works to protect imperiled wildlife species and their habitats, challenges the failures of the Secretary of Commerce and the National Marine Fisheries Service (collectively, NMFS) to comply with the nondiscretionary obligations set forth in the Endangered Species Act, 16 U.S.C. §§ 1531–1544 (ESA). Specifically, NMFS has failed to finalize designations of "critical habitat"

for five species of Florida and Caribbean corals,[1] and seven Pacific corals,[2] all listed as threatened under the ESA. *Id.* §§ 1533(a)(3), (b)(6)(A)(ii), (b)(6)(C). NMFS's failure to designate critical habitat violates its mandatory duty under the ESA, *see id.*, and deprives these imperiled species of vitally important protections in their most essential habitat areas.

2.      Coral reefs are among the most biodiverse and threatened ecosystems in the world. In addition to the existential threats of climate change and ocean acidification, corals face localized threats due to poor water quality, over-fishing, destruction of spawning grounds, impacts of dredging and development, disease, and coral collection and trade. Despite the broad global threats to corals, there is evidence that alleviating local stressors and protecting habitat can help improve resiliency for many coral species. But absent bold and immediate action, the entire worldwide coral reef ecosystem may collapse within the next hundred years.

3.      In light of these significant threats, and following the Center's 2009 petition to protect 83 corals under the Act, in 2012 NMFS listed 20 of the petitioned corals as "threatened" species. 70 Fed. Reg. 53851 (Sep. 10, 2014). NMFS did not designate critical habitat for any of the corals.

4.      Of the 20 listed corals, 12 occur in U.S. waters. All five of the of the Florida and Caribbean corals have been confirmed in U.S. waters, and occur throughout Atlantic Florida, Puerto Rico, the U.S. Virgin Islands, and the Gulf of Mexico. For the Indo-Pacific species, seven of the 15 listed corals have been confirmed to occur throughout American Samoa, Guam, the Commonwealth of Northern Mariana Islands, and the Pacific Remote Island Areas.

---

[1] *Dendrogyra cylindrus*, *Orbicella annularis*, *Orbicella faveolata*, *Orbicella franksi* and *Mycetophyllia ferox*
[2] *Acropora globiceps*, *Acropora jacquelineae*, *Acropora retusa*, *Acropora speciosa*, *Euphyllia paradivisa*, *Isopora crateriformis*, and *Seriatopora aculeate*

5. In 2020, after the Center filed a lawsuit against NMFS for failing to designate critical habitat as required under the Act, NMFS published two proposed rules; one to designate critical habitat for the seven threatened corals in U.S. waters in the Indo-Pacific, and one to designate critical habitat for the five threatened corals in U.S. Caribbean waters. 85 Fed. Reg. 76262 (Nov. 27, 2020) (Endangered and Threatened Species; Critical Habitat for the Threatened Indo-Pacific Corals); 85 Fed. Reg. 76302 (Nov. 27, 2020) (Endangered and Threatened Species; Critical Habitat for the Threatened Caribbean Corals).

6. Having proposed critical habitat designations for the corals on November 27, 2020, the ESA requires NMFS to finalize those designations no later than November 27, 2021. Yet NMFS still has not done so.

7. The ESA can provide lifesaving habitat protections for these imperiled corals, but only if NMFS complies with its mandates. Despite its knowledge of both the dire situation for corals and the strategies to recover them, NMFS has sat idle on finalizing one of the most effective conservation measures available: designating critical habitat.

8. Because NMFS is in violation of the ESA and the Administrative Procedure Act (APA) by failing to timely designate critical habitat for the 12 corals, the Center brings this action. The Center requests declaratory relief and an order requiring NMFS to issue rules designating critical habitat to safeguard the habitat these corals need to survive in the wild.

**JURISDICTION AND VENUE**

9. The Center brings this action under the Endangered Species Act, 16 U.S.C. §§ 1533, 1540(g), and the APA, 5 U.S.C. § 706.

10. The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1346 (United States as a defendant), 16 U.S.C. § 1540(c)

(actions arising under the Endangered Species Act), 16 U.S.C. § 1540(g) (citizen suit provision of the Endangered Species Act), and 5 U.S.C. § 702 (APA).

11. The relief sought is authorized under 28 U.S.C. § 2201 (declaratory relief), 28 U.S.C. § 2202 (injunctive relief), 16 U.S.C. § 1540(g) (citizen suits under the Endangered Species Act), and 5 U.S.C. § 706(1) (relief under the APA).

12. The Center provided formal notice to NMFS of its intent to file suit under the Endangered Species Act on June 15, 2022, more than 60 days prior to filing this complaint, consistent with the Act's statutory requirements. 16 U.S.C. § 1540(g)(2). Because NMFS has not remedied the legal violations outlined in the notice, an actual, justiciable controversy exists between the parties within the meaning of the Declaratory Judgment Act. 28 U.S.C. § 2201.

13. Venue is proper in the United States District Court for the District of Columbia according to 28 U.S.C. § 1391(e) because a substantial part of the events giving rise to the Center's claims occurred in this district.

## PARTIES

14. Plaintiff Center for Biological Diversity is a national, nonprofit conservation organization incorporated in California and headquartered in Tucson, Arizona, with offices throughout the United States, including Washington, D.C. The Center works through science, law, and policy to secure a future for all species, great and small, hovering on the brink of extinction. The Center has more than 67,000 active members across the country. The Center and its members are concerned with the conservation of imperiled species, including listed corals in the Caribbean and Indo-Pacific, through effective implementation of the Endangered Species Act. The Center brings this action on behalf of itself and its members.

15. The Center has members with concrete interests in the conservation of the corals at issue and the protection of their critical habitat. The Center's members and staff have researched, studied, observed, and sought protection for these corals. In addition, the members and staff have visited and observed, or sought out, listed corals in the Caribbean and Indo-Pacific. The Center's members derive recreational, scientific, professional, aesthetic, spiritual, and ethical interests in the listed corals and their habitats. For example, one of the Center's members takes an annual snorkeling and scuba diving trip to southeast Florida and the Florida Keys to observe and attempt to observe boulder star coral (*Orbicella franksi*), lobed star coral (*O. annularis*), mountainous star coral (*O. faveolata*), pillar coral (*Dendrogyra cylindrus*), and rough cactus coral (*Mycetophyllia ferox*). , and the member intends to continue to do so in the future. Another member regularly snorkels in Guam to observe coral reefs and to observe and attempt to observe listed coral species.

16. NMFS' failure to comply with the Endangered Species Act's nondiscretionary deadline to designate critical habitat for listed corals denies the corals vital protections that are necessary for survival and recovery. For example, while NMFS withholds final critical habitat designations, development activities including dredging in Puerto Rico, water pollution in the Virgin Islands, and commercial fishing in Guam continue to impact the corals' habitat. Critical habitat is necessary to ensure that federally permitted activities do not result in the adverse modification or destruction of the corals' essential habitat areas.

17. The Center's members are injured by NMFS' failure to timely designate critical habitat, which delays significant protections for the corals, facilitates the degradation and destruction of their habitat in locations where Center members go to observe and enjoy these corals, and harms these corals' survival and recovery. Until NMFS protects the corals' critical

habitat under the Endangered Species Act, the Center and its members' interests in the corals are injured. These injuries are actual, concrete injuries presently suffered by the Center and its members; are directly caused by NMFS' inaction; and will continue to occur unless this Court grants relief.

18. The relief sought herein—an order compelling NMFS to designate critical habitat for the 12 coral species at issue—would redress these injuries by protecting the corals' habitat before it can be further degraded or destroyed, thereby protecting the corals from extinction so the Center and its members can continue to pursue their educational, scientific, recreational, aesthetic, and spiritual interests in the corals and their habitats. The Center and its members have no other adequate remedy at law.

19. Defendant Gina Raimondo, U.S. Secretary of Commerce, is the highest ranking official within the Department of Commerce, and in that capacity, is responsible for the administration and implementation of the Endangered Species Act—including timely designation of critical habitat and compliance with all other federal laws applicable to the Department of Commerce. The Center sues Defendant Raimondo in her official capacity.

20. Defendant Janet Coit is the Assistant Administrator for Fisheries at the National Oceanic Atmospheric Administration. As Assistant Administrator, Defendant Coit is the federal official responsible for implementing and enforcing the Endangered Species Act and its regulations, including timely designation of critical habitat, and for complying with all other federal laws applicable to the agency. The Center sues Defendant Coit in her official capacity.

21. Defendant National Marine Fisheries Service is a federal agency within the Department of Commerce. Through delegation of authority from the Secretary of Commerce, the National Marine Fisheries Service administers and implements the Endangered Species Act and

is legally responsible for complying with its mandatory deadlines when making decisions and promulgating regulations, including designating critical habitat for listed corals in U.S. waters.

## STATUTORY AND REGULATORY FRAMEWORK

22. The Endangered Species Act "represent[s] the most comprehensive legislation for the preservation of endangered species ever enacted by any nation." *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 180 (1978). "Congress intended endangered species be afforded the highest of priorities." *Id.* at 174. Accordingly, the Act's purpose is to "provide a program for the conservation of . . . endangered species and threatened species" and "to provide a means whereby the ecosystems upon which endangered . . . and threatened species depend may be conserved." 16 U.S.C. § 1531(b).

23. To that end, the Endangered Species Act requires NMFS to protect imperiled species by listing them as "endangered" or "threatened." *Id.* § 1533(a)(1). A species is endangered if it "is in danger of extinction throughout all or a significant portion of its range." *Id.* § 1532(6). A species is threatened if it is "is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." *Id.* § 1532(20).

24. Once a species is listed, it receives a host of important protections designed to prevent its extinction and aid its recovery, including one of the most crucial protections— safeguards for its "critical habitat." *Id.* § 1533(a)(3)(A).

25. Critical habitat includes specific areas occupied by the threatened or endangered species with "physical or biological features . . . essential to the conservation of the species and . . . which may require special management considerations or protection," as well as specific areas unoccupied by the species that "are essential for the conservation of the species." *Id.* § 1532(5)(A). "Conservation" of a species means "the use of all methods and procedures which

are necessary to bring any endangered species or threatened species to the point at which the measures provided pursuant to [the Act] are no longer necessary." 16 U.S.C. § 1532(3). Accordingly, critical habitat includes areas that require proper management to ensure a listed species will not simply survive but also recover.

26. Protecting critical habitat is necessary to protect and recover many listed species, particularly those that have become endangered or threatened because of historical and ongoing habitat loss or degradation. Thus, Section 7 of the Endangered Species Act requires all federal agencies to ensure their actions do not "jeopardize the continued existence" of any listed species or "result in the destruction or adverse modification" of their remaining "critical habitat." *Id.* § 1536(a)(2).

27. Additionally, as NMFS has recognized, critical habitat designations provide other benefits, including opportunities for public education and involvement, which help make the public, state agencies, and local governments more aware of the plight of listed species and conservation actions needed to aid in species recovery. *See, e.g.*, 76 Fed. Reg. 20180, 20191 (April 11, 2011) (discussing benefits of designating critical habitat for Cook Inlet beluga whales).

28. To ensure species at risk of extinction receive these essential habitat protections in a timely manner, Congress prioritized designating critical habitat. *Id.* § 1533(a)(3), (b)(6); *see also id*. § 1531(b) (statutory directive to "provide a means whereby the ecosystems upon which endangered . . . and threatened species depend may be conserved"). NMFS "shall," "to the maximum extent prudent and determinable," designate critical habitat for a species "concurrently with making a determination" that it is endangered or threatened," *id.* § 1533(a)(3)(A), (b)(6)(C), and within one year of issuing a rule proposing critical habitat. *Id.* § 1533(b)(6)(A)(ii).

29.     NMFS must make critical habitat designations based on "the best scientific data available." 16 U.S.C. § 1533(b)(2).

30.     While regulations implementing the Endangered Species Act state that the designation of critical habitat outside United States jurisdiction is not required, 50 C.F.R. § 424.12, the word "shall" makes clear that the designation of critical habitat is required for all listed species that occur within United States territory. 16 U.S.C. § 1533(a)(3)(A); *see also id.* at § 1533(b)(6)(C).

31.     Time has proven the wisdom of Congress' requirement that NMFS designate critical habitat for listed species. Studies show that species with critical habitat are more than twice as likely to be in recovery than those without it.

32.     But the Endangered Species Act does not safeguard a species' critical habitat until NMFS designates it. Accordingly, it is imperative that NMFS meticulously follow the Act's procedures and deadlines to ensure it designates critical habitat in a timely manner.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

33.     Coral reefs are the most biodiverse ecosystems on earth, supporting an estimated one-third of described marine species, although they comprise only 0.2% of ocean area. The primary architects of reefs are coral animals. Reefs are built over centuries or millennia as thousands of individual coral animals settle on new substrate or the reef structure that develops from it, grow, reproduce, and die. Many coral species commingle in reef communities, and each individual ultimately contributes its own skeletal material to the reef structure.

34.     Coral reefs protect coastlines against erosion from storms and act as a barrier to sea-level rise. Coral reefs also support fisheries and businesses through tourism and recreation. NMFS estimates the commercial value of U.S. fisheries from coral reefs is over $100 million.

35. Coral communities rely on narrow ranges of conditions to fend off competition from algae and survive predation. Disruptions in this dynamically balanced system can result in rapid coral mortality across the reef, with a resultant shift from healthy reef ecosystem to an algae-dominated system and, eventually, to a completely barren state.

36. Corals are rapidly succumbing to the synergistic effects of unsustainable direct human pressures and climate-associated stressors. Indeed, corals and coral reef ecosystems are in crisis.

37. NMFS acknowledges that corals worldwide are under a barrage of threats to their survival. NMFS has identified nine threats considered to be the most significant to coral survival: ocean warming, disease, ocean acidification, over-fishing, sedimentation, nutrient pollution, sea-level rise, predation, and collection and trade. The best available science demonstrates that without immediate action, these threats will continue and will likely cause a precipitous decline in the Florida, Caribbean, and Pacific corals listed under the Endangered Species Act. The best available science demonstrates that without immediate action to curb these threats, these species will disappear from most of the places they currently live within the foreseeable future.

38. In 2009, the Center submitted a formal petition, based on the best scientific studies available, to list 83 reef-building corals as threatened or endangered under the ESA. The Center also requested that critical habitat be designated for these species concurrently with listing under the ESA.

39. On February 10, 2010, NMFS published a 90-day finding that the petition presented substantial scientific or commercial information indicating that the listing may be warranted for 82 of the 83 species. 75 Fed. Reg. 6616 (Feb. 10, 2010).

40. On December 7, 2012, NMFS published a 12-month finding proposing to list 66 species of coral, with 12 of the coral species warranting endangered listing and 54 warranting threatened listing. 77 Fed. Reg. 73219 (Dec. 7, 2012).

41. In September 2014, NMFS published its final rule listing 20 of the petitioned coral species as threatened under the ESA. 70 Fed. Reg. 53851 (Sep. 10, 2014).

42. Of the 20 listed corals, 15 of the listed species occur in the Indo-Pacific, and five in the Caribbean. All five of the Florida and Caribbean corals have been confirmed in U.S. waters, and occur throughout Atlantic Florida, Puerto Rico, the U.S. Virgin Islands, and the Gulf of Mexico. For the Indo-Pacific species, seven of the 15 listed corals have been confirmed to occur throughout American Samoa, Guam, the Commonwealth of Northern Mariana Islands, and the Pacific Remote Island Areas.

43. The five listed species in Florida and the Caribbean are *Dendrogyra cylindrus* (Pillar coral), *Orbicella annularis* (Lobed star coral), *Orbicella faveolata* (Mountainous star coral), *Orbicella franksi* (Boulder star coral) and *Mycetophyllia ferox* (Rough cactus coral). The seven species found in U.S. waters in the Pacific are *Acropora globiceps*, *Acropora jacquelineae*, *Acropora retusa*, *Acropora speciosa*, *Euphyllia paradivisa*, *Isopora crateriformis*, and *Seriatopora aculeate*.

44. The final listing rule did not include critical habitat designations for any of the 12 listed species found in U.S. waters, as required by the Act. Instead, NMFS determined that critical habitat was not currently determinable for any of the species being newly listed, and that NMFS would propose critical habitat for the coral species in a separate rule. 70 Fed. Reg. 53874.

45. In 2019, the Center filed a lawsuit against NMFS for failing to designate critical habitat as required under the Act. In February 2020, the parties entered into a legal agreement by

which NMFS would submit to the *Federal Register* for publication proposed determinations concerning the designation of critical habitat for 12 listed species of coral found in U.S. waters by July 31, 2020.

46. On November 27, 2020, NMFS published two proposed rules; one to designate critical habitat for the five threatened corals in U.S. Caribbean waters, and one to designate critical habitat for the seven threatened corals in U.S. waters in the Indo-Pacific.. Critical Habitat for the Threatened Caribbean Corals, 85 Fed. Reg. 76302 (Nov. 27, 2020); Endangered and Threatened Species; Critical Habitat for the Threatened Indo-Pacific Corals, 85 Fed. Reg. 76262 (Nov. 27, 2020); Endangered and Threatened Species.

47. Under the Endangered Species Act, NMFS was required to finalize the corals' critical habitat no later than one year after proposing the designations. Yet following a pattern of missed statutory deadlines, NMFS has not made this mandatory, nondiscretionary finding, in violation of the Act. 16 U.S.C. § 1533(b)(3)(B).

48. NMFS's ongoing failure to designate critical habitat for corals deprives these threatened animals of protections to which they are legally entitled, and leaves them at increased risk of injury and death in their most important habitat areas.

## FIRST CLAIM FOR RELIEF

### Failure to Designate Critical Habitat for Caribbean Corals

49. The Center re-alleges and incorporates by reference all the allegations set forth in this Complaint as though fully set forth below.

50. The Endangered Species Act required NMFS to designate critical habitat for the five species of listed Florida and Caribbean corals within one year of proposing critical habitat. 16 U.S.C. § (b)(6)(A)(ii). However, NMFS never finalized the proposed designation of critical

habitat for these corals. NMFS is therefore in violation of the Act's express statutory command to timely designate critical habitat.

51.     NMFS's failure to designate critical habitat for listed Florida and Caribbean corals in U.S. waters violates the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A), (b)(6)(A), (C), and its implementing regulations, and constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1).

## SECOND CLAIM FOR RELIEF

### Failure to Designate Critical Habitat for Indo/Pacific Corals

52.     The Center re-alleges and incorporates by reference all the allegations set forth in this Complaint as though fully set forth below.

53.     The Endangered Species Act required NMFS to designate critical habitat for the seven species of listed Indo-Pacific corals within one year of proposing critical habitat. 16 U.S.C. § 1533(b)(6)(A)(ii). However, NMFS never finalized the proposed designation of critical habitat for these corals. NMFS is therefore in violation of the Act's express statutory command to timely designate critical habitat.

54.     NMFS's failure to designate critical habitat for listed Indo/Pacific corals in U.S. waters violates the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A), (b)(6)(A), (C), and its implementing regulations, and constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Center for Biological Diversity requests that this Court enter a Judgment in favor of the Center providing the following relief:

(1) Declare that Defendants violated the Endangered Species Act and APA by failing to designate critical habitat for the five listed Florida and Caribbean corals: *Dendrogyra cylindrus* (Pillar coral), *Orbicella annularis* (Lobed star coral), *Orbicella faveolata* (Mountainous star coral), *Orbicella franksi* (Boulder star coral), *Mycetophyllia ferox* (Rough cactus coral);

(2) Declare that Defendants violated the Endangered Species Act and APA by failing to designate critical habitat for seven listed Indo-Pacific corals in U.S. waters: *Acropora globiceps*, *Acropora jacquelineae*, *Acropora retusa*, *Acropora speciosa*, *Euphyllia paradivisa*, *Isopora crateriformis*, and *Seriatopora aculeate*;

(3) Order Defendants to designate—by a reasonable date certain—final critical habitat for the five Caribbean corals under the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A);

(4) Order Defendants to designate—by a reasonable date certain—final critical habitat for the seven Indo-Pacific corals under the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A);

(5) Grant the Center its reasonable attorneys' fees and costs in this action, as provided by the Endangered Species Act, 16 U.S.C. § 1540(g)(4), or the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(6) Provide such other relief as the Court deems just and proper.

DATED: March 27, 2023         Respectfully submitted,

/s/ Catherine W. Kilduff

Catherine W. Kilduff, DC Bar # 1026160
Emily Jeffers (*Pro hac vice pending*)

CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
ckilduff@biologicaldiversity.org
ejeffers@biologicaldiversity.org
Ph: (510) 844-7109

*Attorneys for Plaintiff*