TODD KIM, Assistant Attorney General
JAY GOVINDAN, Section Chief
MEREDITH L. FLAX, Deputy Chief
CAITLYN F. COOK, Trial Attorney (Maryland Bar No. 2112140244)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0269
Email: caitlyn.cook@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>*Plaintiff*,<br><br>v.<br><br>GINA RAIMONDO, United States Secretary of Commerce; JANET COIT, Assistant Administrator, NOAA Fisheries; and NATIONAL MARINE FISHERIES SERVICE,<br><br>*Defendants*. | Case No. 1:23-cv-00809-CRC<br><br>**STIPULATED SETTLEMENT AGREEMENT** |

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiff, the Center for Biological Diversity ("Center"), and Defendants, Gina Raimondo, in her official capacity as Secretary of the United States Department of Commerce; Janet Coit, in her official capacity as Assistant Administrator for National Oceanic and Atmospheric Administration ("NOAA") Fisheries; and the National Marine Fisheries Service ("NMFS"), (collectively, "the Parties") who by and through their undersigned counsel, state as follows:

WHEREAS, in response to the Center's petition to list a number of coral species as threatened or endangered under the Endangered Species Act ("ESA"), NMFS listed 20 species of corals as "threatened" on September 10, 2014. 79 Fed. Reg. 53852;

WHEREAS, at that time, NMFS found that designation of critical habitat was not determinable for any of the listed species of coral found in U.S. waters ("the listed corals"). *Id.* at 54121;

WHEREAS, in 2019, the Center brought suit to compel NMFS to designate critical habitat for the listed corals by dates certain under the ESA;

WHEREAS, the Parties entered into a stipulated settlement agreement in 2020 that identified a date certain by which NMFS would submit to the *Federal Register* for publication proposed determinations concerning the designation of critical habitat for the listed corals. ECF Nos. 12, 13, No. 1:19-cv-02526-CJN;

WHEREAS, on November 27, 2020, NMFS published proposed rules in the *Federal Register* to designate critical habitat for five species of corals found in the Caribbean and seven species of corals found in the Indo-Pacific. 85 Fed. Reg. 76262 (Indo-Pacific); 85 Fed. Reg. 76302 (Caribbean);

WHEREAS, on June 15, 2022, the Center sent NMFS a letter stating its intent to file suit to compel NMFS to finalize critical habitat designations for the Caribbean and Indo-Pacific corals by dates certain;

WHEREAS, on July 15, 2022, the Southeast Regional Office of NMFS responded to the Center's notice letter to the extent it concerned the five species of Caribbean corals, stating that

the Southeast Regional Office was actively developing a final critical habitat rule and anticipated publication of a final rule in the first half of 2023;

WHEREAS, on July 15, 2022, the Pacific Islands Regional Office of NMFS responded to the Center's notice letter to the extent it concerned the seven species of Indo-Pacific Corals, stating that the Pacific Islands Regional Office was actively developing a rule to designate critical habitat but could not commit to a specific date for publication of a final rule;

WHEREAS, on March 27, 2023, the Center filed the above-captioned action to compel NMFS to finalize critical habitat designations by dates certain for the listed corals;

WHEREAS, on August 9, 2023, NMFS published a final rule in the *Federal Register* designating critical habitat for the five species of Caribbean corals. 88 Fed. Reg. 54026;

WHEREAS, the Parties agree that the Center's First Claim for Relief alleging failure to designate critical habitat for listed species of Caribbean corals, Compl. ¶¶ 49–51, became moot upon publication of NMFS's August 9, 2023, final rule designating critical habitat for those species. 88 Fed. Reg. 54026;

WHEREAS, NMFS intends to withdraw its November 27, 2020, proposed rule designating critical habitat for seven listed species of Indo-Pacific corals and concurrently submit to the *Federal Register* for publication a new proposed designation of critical habitat for the listed Indo-Pacific corals;

WHEREAS, the Parties, through their authorized representatives, and without any final adjudication of the issues of fact or law with respect to Plaintiff's claims, have negotiated a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint;

WHEREAS, the Parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve Plaintiff's Complaint;

NOW, THEREFORE, the Parties hereby stipulate and agree as follows:

1. On or before December 1, 2024, NMFS shall submit to the *Federal Register* for publication a final determination concerning the designation of critical habitat for species of Indo-Pacific coral found in U.S. waters.
2. The deadline set forth in Paragraph 1 will be automatically extended by thirty (30) days in the event that interagency review of any proposed rules in accordance with Executive Order 12866 exceeds ninety days.
3. In the event of a lapse in appropriations during the period between the signing of this Agreement and the deadline set forth in Paragraph 1, the deadline set forth in Paragraph 1 shall be extended by the number of calendar days between the first day of the lapse in appropriations and the date the President signs into law a budget appropriation such that funding is restored to the Department of Commerce.
4. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and granted by the Court. In the event that either Party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either Party believes that the other Party has failed to comply with any term or condition of this Agreement, the Party seeking the modification, raising the dispute, or seeking enforcement shall provide the other Party with notice of the claim or modification. The

Parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the Parties are unable to resolve the claim themselves, either Party may seek relief from the Court.

5. In the event that Defendants fail to meet the deadline in Paragraph 1 and have not sought to modify this Agreement, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

6. This Agreement requires only that Defendants take the action specified in Paragraph 1. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the ESA, APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determinations made pursuant to Paragraph 1 of the Agreement.

7. To challenge any final determination issued pursuant to Paragraph 1, Plaintiff must file a separate action and otherwise comply with applicable legal requirements. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

8. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. No Party shall use this Agreement or the terms herein as evidence with regard to any issue whatsoever, including

what does or does not constitute a reasonable time for making a determination regarding critical habitat of any listed species.

9. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, none of the Parties waives or relinquishes any legal rights, claims, or defenses it may have. This Agreement is executed for the purpose of settling Plaintiff's Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

10. Without waiving any defenses or making any admissions, Defendants agree to pay Plaintiff $6,000 in attorneys' fees and costs. Plaintiff agrees to accept the $6,000 from Defendants in full satisfaction of any and all claims, demands, rights, and causes of action for any and all attorneys' fees and costs Plaintiff reasonably incurred in connection with the above captioned litigation through the signing of this Agreement.

11. Plaintiff agrees to furnish Defendants with the information necessary to effectuate the $6,000 payment set forth by Paragraph 10. Payment will be made to the Center by electronic funds transfer. Defendants agree to submit all necessary paperwork for the processing of the attorneys' fees award to the Department of Treasury's Judgment Fund Office within fifteen (15) days from receipt of the necessary information from Plaintiff or from approval of this Agreement by the Court, whichever is later.

12. Plaintiff shall send written confirmation of the receipt of payment to Defendants' counsel within fourteen (14) business days.

13. Plaintiff and Plaintiff's counsel agree to hold Defendants harmless in any litigation, further suit, or claim arising from errors not attributable to Defendants that are related to the authorized transfer of the agreed-upon settlement amount.

14. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

15. By this agreement, Defendants do not waive any right to contest fees and costs claimed by Plaintiff or Plaintiff's counsel in any future litigation or continuation of the present action.

16. The Parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the Parties. By entering into this Agreement, none of the Parties waive any legal rights, claims, or defenses except as expressly stated herein. This Stipulation contains all of the terms of agreement between the Parties concerning the Complaint and is intended to be the final and sole agreement between the Parties with respect thereto. The Parties agree that any prior or contemporaneous representations or understandings not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

17. The undersigned representatives of each Party certify that they are fully authorized by the Party or Parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each Party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter

into this Agreement and bind itself to the terms and conditions contained in this Agreement.

18. The terms of this Agreement shall become effective upon entry of an Order by the Court ratifying this Agreement.

19. Upon adoption of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated: November 13, 2023.

Respectfully submitted,

*/s/ Emily Jeffers*

Emily Jeffers (*Pro hac vice*)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
ejeffers@biologicaldiversity.org
Ph: (510) 844-7109

*Attorney for Plaintiff*

TODD KIM, Assistant Attorney General
S. JAY GOVINDAN, Section Chief
MEREDITH L. FLAX, Deputy Chief
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section

*/s/ Caitlyn F. Cook*

CAITLYN F. COOK
Trial Attorney
Maryland Bar No. 2112140244
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station

P. O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0269 (tel.)
(202) 305-0275 (fax)
caitlyn.cook@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

CENTER FOR BIOLOGICAL DIVERSITY,

*Plaintiff,*

v.

GINA RAIMONDO, United States Secretary of Commerce; JANET COIT, Assistant Administrator, NOAA Fisheries; and NATIONAL MARINE FISHERIES SERVICE,

*Defendants.*

Case No. 1:23-cv-00809-CRC

**STIPULATED SETTLEMENT AGREEMENT**

**ORDER**

Having reviewed the foregoing Stipulated Settlement Agreement and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Stipulated Settlement Agreement is approved.

Date: November 17, 2023

CHRISTOPHER R. COOPER
United States District Judge